IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00452-GPG

AYMEN ABDU, a.k.a. AYMEN ABOU,

    Plaintiff,

v.

STEVE PAULLUKE, Institute of Mental Health in Pueblo, and
RON HALE, Superintendent Institute of Mental Health in Pueblo,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff Aymen Abdu was detained at the Colorado Mental Health Institute at Pueblo, Colorado, when he initiated this action.  In an order entered on March 4, 2015, Magistrate Judge Gordon P. Gallagher directed Plaintiff to cure certain deficiencies if he wished to pursue his claims.  Specifically, Magistrate Judge Gallagher directed Plaintiff to submit his request to proceed pursuant to 28 U.S.C. § 1915 on a proper Court-approved form and to complete all sections of the Complaint form.  Magistrate Judge Gallagher warned Plaintiff that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On March 20, 2015, Plaintiff submitted a change of address.  The Clerk of the Court resent the March 4, 2015 Order to Plaintiff on April 7, 2015, at the new address, and Plaintiff was given an additional thirty days to comply with the March 4 Order.  Both the Order to Cure and the April 7 Minute Order were returned to the Court because they lacked an inmate number.  See ECF Nos. 8 and 9.  Plaintiff did not provide an inmate number to the Court in the March 20 change of address notice.

Then on May 13, 2015, Magistrate Judge Gallagher directed the Clerk of the Court to send a new minute order to Plaintiff that identified an inmate number of a detainee at the Denver County Jail who's last name was spelled "Abou" and not "Abdu," the spelling Plaintiff had used in the caption of the Prisoner Complaint.  On May 26, 2015, Plaintiff confirmed he is the same person and verified his inmate number.  A copy of the March 4, 2015 Order to Cure was sent to Plaintiff on May 27, 2015, and he was given thirty days to comply with the March 4 Order.

Subsequently, Plaintiff asked for copies of all filings in this action.  The Clerk of the Court was directed to send to Plaintiff the Docket of this case and a copy of the Prisoner Complaint he originally filed.  On June 12, 2015, Plaintiff filed a Prisoner Complaint and two motions requesting either leave to proceed pursuant to 28 U.S.C. § 1915 or leave to proceed without prepaying the filing fee.  Plaintiff also submitted a third motion on June 15 requesting leave to proceed pursuant to § 1915.  The motions filed on June 12 were denied because the forms used were incorrect.  The § 1915 motion filed on June 15 was on the correct form; but Plaintiff failed to complete the page of the form that authorizes the disbursement of monies from his account for monthly payments against the filing fee.

A proper § 1915 form was sent to Plaintiff on June 29, 2015, to be completed and filed with the Court within thirty days.  Plaintiff complied with the June 29 Order and was granted leave to proceed pursuant to § 1915 on July 16, 2015.

Also on July 16, 2015, Magistrate Judge Gallagher directed Plaintiff to amend the Complaint in compliance with Fed. R. Civ. P. 8.  Specifically, Plaintiff was directed to state what relief he is seeking and what properly named defendants did to violate his constitutional rights.  He also was instructed that a defendant may not be held liable for

the unconstitutional conduct of his or her subordinates on a theory of respondeat superior and that Defendant Institute of Mental Health in Pueblo is immune from suit under 42 U.S.C. § 1983.

Plaintiff then filed three letters with the Court. In the first letter, Plaintiff requested appointment of counsel, and in the following letters, Plaintiff claimed he did not receive all pages of the July 16, 2015 Order to Amend. Magistrate Judge Gallagher denied the request for counsel and directed the Clerk of the Court to resend the July 16 Order to Plaintiff. Plaintiff was given an additional thirty days to file an Amended Complaint.

On September 1, 2015, Plaintiff filed an extension of time to hire an attorney. Magistrate Judge Gallagher denied the request for an extension, because Plaintiff had been given sufficient time to file an Amended Complaint and the directive to amend was not so complex and unique to require representation of counsel. Magistrate Judge Gallagher, however, allowed Plaintiff up to and including September 11, 2015, to file an Amended Complaint.

On September 14, 2015, the September 1 Order was returned to the Court and the envelope was marked, "RTS" and "RELEASED."

In accordance with the Local Rules of Practice for the United States District Court for the District of Colorado, D.C.COLO.LAttyR 5(c), Plaintiff is required to notify the Court of an address change within five days after the change. Plaintiff has failed to comply with the Court's Local Rules. Plaintiff also has now failed to communicate with the Court, and as a result he has failed to cure the deficiencies within the time allowed. The Court, therefore, will dismiss the action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to file an amended complaint and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  18th  day of   September  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court